## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

KADYRZHAN ABDRASULOV,              )
                                   )
    Petitioner,                    )
                                   )
v.                                 )   Case No. CIV-26-649-SLP
                                   )
WARDEN OF CIMARRON,                )
CORRECTIONAL FACILITY, et al.,     )
                                   )
    Respondents.                   )

## **O R D E R**

Petitioner, Kadyrzhan Abdrasulov, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1].[1] Before the Court is the Report and Recommendation [Doc. No. 12] (R&R) of United States Magistrate Judge Suzanne Mitchell. The Magistrate Judge recommends granting the Petition and ordering Petitioner's immediate release. Respondents have filed an Objection [Doc. No. 14], challenging the manner in which the Magistrate Judge construed Petitioner's claims and contesting the recommendation that Petitioner be released. The matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court

---

[1] Petitioner appeared pro se at the time he filed his Petition. Counsel has since entered an appearance on his behalf.

ADOPTS the R&R to the extent it finds that Petitioner's detention is not governed by § 1225(b)(2) and GRANTS, in part, the Petition.

## I.    **Background**

Petitioner, a citizen of Kyrgyzstan, entered the United States on or around December 1, 2022.  United States Department of Homeland Security issued a Notice to Appear on December 20, 2022, charging Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner was later released from custody.  Thereafter, on November 6, 2023, Petitioner filed an application for asylum.

On March 20, 2026, Immigration and Customs Enforcement (ICE) re-detained Petitioner after a traffic stop conducted by the Oklahoma Highway Patrol.  Petitioner has been continuously detained without bond since his arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A).  When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.

On April 28, 2026, Petitioner filed this action, claiming violations of his due process rights under the Fifth Amendment to the United States Constitution.  Petitioner further claims that he has been "classified as an arriving alien" and "categorically denied access to bond proceedings", *see* Pet. at 3, which the Court construes as a challenge to Respondents' continued detention of him under § 1225(b)(2)(A).  As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing.

Subsequent to the filing of the R&R, Respondents provided a Status Report [Doc. No. 17] to the Court advising that on June 25, 2026, an Immigration Judge granted Petitioner's application for asylum.  But Respondents further advised that the Department

2

of Homeland Security would be filing an appeal of that decision. Neither party has provided any further update to the Court and the Court, therefore, presumes that the asylum proceedings are ongoing and that Petitioner remains in custody.

## II.   <u>Discussion</u>

Subsequent to the Magistrate Judge's issuance of the R&R and the filing of Respondents' Objection, the Tenth Circuit rendered its decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026), and held that "§ 1225(b)(2)(A)'s application is limited to the border." *See also id*. at 1239 ("A noncitizen . . . cannot request admission after the fact" and, "[s]o, for instance, a noncitizen who later receives . . . asylum, does not become admitted even though he has lawful status.").[2] Respondents justify Petitioner's continued detention without a bond hearing on the faulty premise that § 1225(b) governs. *See* Resp. at 6 ("Petitioner falls within the terms of § 1225(b)(2)[.]" But under *Quiroz*, Petitioner's detention is necessarily governed by § 1226(a) and he is entitled, therefore, to an individualized bond hearing.[3]

---

[2] Similarly, "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior." *Id*. at 1235 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia*., 175 F.4th 1258 (11th Cir. 2026); *see also Rodriguez Vazquez v. Bostock*, -- F.4th --, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026) (accord); *Cirrus Rojas v. Olson*, -- F.4th --, No. 25-3127, 2026 WL 2198315 (7th Cir. July 30, 2026) (accord); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

[3] The Court finds in this instance that the proper remedy is a bond hearing, as recognized by the Tenth Circuit in *Quiroz*, and not release as recommended by the Magistrate Judge. *See Quiroz*, 180 F.4th at 1251 n. 13.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 12] is ADOPTED to the extent it finds § 1225(b)(2) to be inapplicable to Petitioner's detention.   The Petition [Doc. No. 1] is GRANTED IN PART.   Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if he has not received a proper bond hearing within that period.

A separate judgment shall be entered.

IT IS SO ORDERED this 10th day of August, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

4